UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHANTHON BUN,<br><br>　　　　　Petitioner,<br><br>　v.<br><br>R. LOPEZ, Warden,<br><br>　　　　　Respondent. | 1:10-cv-01274 LJO MJS HC<br><br>FINDINGS AND RECOMMENDATION REGARDING RESPONDENT'S MOTION TO DISMISS AND PETITIONER'S MOTION FOR STAY<br><br>[Docs. 20, 27] |

Petitioner is a state prisoner proceeding pro se with a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. Respondent is represented in this action by Patricia W. Heim, Esq., of the Office of the Attorney General for the State of California.

**I.　BACKGROUND**

Petitioner is currently in the custody of the California Department of Corrections pursuant to a judgment of the Superior Court of California, County of Orange, upon being convicted of several counts of burglary, robbery, battery, and use of a firearm. (See Mot. to

Dismiss, ex. 1 at 2 [Petitioner's Superior Court Petition], ECF No. 20-2 to 20-5.)[1] On March 27, 1998, Petitioner was sentenced to serve a determinate term of forty-nine years and eight months in prison. (Id.)

On August 7, 2007, Petitioner received a rules violation report for attempted murder of a peace officer on November 24, 2006. (State Ct. Pet., ex. C.) The matter was referred to the Lassen County Superior Court, and on July 10, 2008, Petitioner plead guilty to battery by a prisoner on a non-confined person and received a consecutive four year sentence. (Id., ex F at 1.) The prison disciplinary hearing on the same incident occurred a month later on August 6, 2008. (Id.) Petitioner was found guilty of attempted murder of a peace officer and was assessed a 360 day loss of good time credit. (Id. at 9-10.) A written copy of the decision was prepared and provided to Petitioner on August 20, 2008. (Id.) Petitioner challenges the disciplinary violation in the instant proceeding. He raises claims relating to his alleged inability to present evidence and witnesses at the hearing.

Starting in February 2009, Petitioner filed three post-conviction collateral challenges with respect to the administrative decision in the state courts, all petitions for writ of habeas corpus, as follows:

    1.    <u>Lassen County Superior Court</u>
          Filed: February 22, 2009[2];
          Denied: April 6, 2009;

    2.    <u>California Court of Appeal, Third Appellate District</u>
          Filed: July 13, 2009[3];
          Denied: July 30, 2009;

---

[1] Respondent, throughout his motion to dismiss, refers to exhibits attached to Petitioner's Habeas Corpus Petition filed with the Lassen County Superior Court, which in turn is exhibit 1 of Respondent's Motion to Dismiss. To prevent confusion the Court shall refer to exhibits originally attached to the state court petition as 'State Ct. Pet. Exs. A-P.'

[2] Under the mailbox rule, the Court deems petitions filed on the date Petitioner handed a petition to prison authorities for mailing. Houston v. Lack, 487 U.S. 266, 276, 108 S.Ct. 2379, 2385, 101 L. Ed. 2d 245 (1988); Campbell v. Henry, 614 F.3d 1056 (9th Cir. 2010); see also Rule 3(d) of the Rules Governing Section 2254 Cases. Although the petition was filed on February 27, 2009, pursuant to the mailbox rule the Court considers the petition filed on February 22, 2009, the date Petitioner signed the petition.

[3] Although the petition was filed on July 20, 2009, under the mailbox rule the Court will consider the petition filed on July 13, 2009, the date Petitioner signed the petition.

     3.     California Supreme Court
Filed: October 19, 2009[4];
Denied: January 13, 2010;

(See Mot. to Dismiss, exs. 1-6.)

On July 13, 2009[5], Petitioner filed the instant federal Petition for Writ of Habeas Corpus in this Court. On January 14, 2011, Respondent filed a Motion to Dismiss the Petition based on statute of limitations, procedural default, and failure to exhaust state remedies. Petitioner filed a Response to the Motion to Dismiss on March 14, 2011. Respondent filed a Reply on March 21, 2011. Petitioner also filed a Response to the Reply, Motion to Stay, and a Motion to Lift Stay on April 4, 2011, June 3, 2011, and June 27, 2011, respectively.

## II.    DISCUSSION

### A.    Procedural Grounds for Motion to Dismiss

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases.

The Ninth Circuit has allowed respondents to file a motion to dismiss in lieu of an answer if the motion attacks the pleadings for failing to exhaust state remedies or being in violation of the state's procedural rules. See, e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990) (using Rule 4 to evaluate motion to dismiss petition for failure to exhaust state remedies); White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989) (using Rule 4 as procedural grounds to review motion to dismiss for state procedural default); Hillery v. Pulley, 533 F.Supp. 1189, 1194 & n. 12 (E.D. Cal. 1982) (same).  Thus, a respondent can file a motion to dismiss after the court orders a response, and the Court should use Rule 4 standards to review the motion. See Hillery, 533 F. Supp. at 1194 & n. 12.

---

[4] Although the petition was filed on October 28, 2009, under the mailbox rule the Court will consider the petition filed on October 19, 2009, the date Petitioner signed the petition.

[5] Petitioner's federal petition was filed on July 19, 2010, under the mailbox rule the Court will consider the petition filed on July 13, 2009, the date Petitioner signed the petition.

In this case, Respondent's motion to dismiss is based on a violation of the one-year limitations period, procedural default, and failure to exhaust state remedies. As Respondent has not yet filed a formal answer, the Court will review Respondent's motion to dismiss pursuant to its authority under Rule 4.

### B. Commencement of Limitations Period Under 28 U.S.C. § 2244(d)(1)(A)

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (hereinafter "AEDPA"). The AEDPA imposes various requirements on all petitions for writ of habeas corpus filed after the date of its enactment. Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059, 2063 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (en banc), *cert. denied,* 118 S.Ct. 586 (1997).

In this case, the petition was filed on July 13, 2009, and therefore, it is subject to the provisions of the AEDPA. The AEDPA imposes a one-year period of limitation on petitioners seeking to file a federal petition for writ of habeas corpus. 28 U.S.C. § 2244(d)(1). As amended, § 2244, subdivision (d) reads:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

In most cases, the limitations period begins running on the date that the Petitioner's

direct review became final. In a situation such as this where the Petitioner is challenging an administrative decision, the Ninth Circuit has held that direct review is concluded and the statute of limitations commences when the final administrative appeal is denied. See Redd v. McGrath, 343 F.3d 1077, 1079 (9th Cir. 2003) (holding that § 2244(d)(1)(D) applies in the context of parole decisions and that the Board's denial of an inmate's administrative appeal is the "factual predicate" of the inmate's claim that triggers the commencement of the limitations period); Shelby v. Bartlett, 391 F.3d 1061, 1066 (9th Cir. 2004) (holding that the statute of limitation does not begin to run until a petitioner's administrative appeal has been denied).

Here, Petitioner is challenging the results of a disciplinary hearing regarding a rules violation report held on August 6, 2008. (State Ct. Pet., ex. F.) A written copy of the decision was prepared and provided to Petitioner on August 20, 2008. (Id.) Petitioner began the administrative appeal process by filing a first level appeal on September 10, 2008. (Id., ex. G.) The appeal and all of Petitioner's subsequent appeals were denied as untimely. (Id., ex. G-J, L-M.) Petitioner's administrative appeal process culminated with a response from the inmate appeals branch that his appeals did not comply with procedures set forth by the California Code of Regulations on November 24, 2008. (Id.)

Therefore, the limitations period commenced on November 25, 2008, the day after Petitioner's third level appeal was denied. Respondent asserts that since Petitioner's administrative appeals were not properly filed, they should not provide tolling of the date on which the statute of limitations period began. In support of such proposition, Respondent refers the Court to Pace v. DiGuglielmo, 544 U.S. 408 (2005) and Sibley v. Culliver, 377 F.3d 1196, 1202-03 (11th Cir. 2004). The cases are inapplicable to the present situation. In Pace, the Supreme Court held that untimely-filed state post-conviction or collateral petitions do not toll the statute of limitations period under 28 U.S.C. § 2244(d)(2). Pace, 544 U.S. at 410. See Sibley, 377 F.3d at 1202-03 (same). Here, the issue presented is whether untimely administrative appeals are considered in determining when the factual predicate occurs and the statute of limitations commences under 28 U.S.C. § 2244(d)(1)(D). Such a determination

is separate and distinct from tolling under 28 U.S.C. § 2244(d)(2).

District courts are split on this issue. See e.g., Webb v. Walker, 2008 U.S. Dist. LEXIS 85948 (E.D. Cal. Sept. 15, 2008) (untimely administrative appeal was not the triggering date for commencement of statute of limitations); Sandoval v. Woodford, 2009 U.S. Dist. LEXIS 4495 (E.D. Cal. Jan 22, 2009) (declining to decide if improperly filed administrative appeal altered the date the statute of limitations commenced); Hecker v. Hubbard, 2008 U.S. Dist. LEXIS 76126 (E.D. Cal. Aug. 27, 2009) (same); Yeng Xiong v. Adams, 2010 U.S. Dist. LEXIS 78525 (E.D. Cal. Aug. 3, 2010) (factual predicate occurred after final, improperly filed, administrative appeal was filed). Rather than parse which administrative appeal would constitute the factual predicate for commencing the running of the statute, the Court will afford Petitioner the greatest amount of latitude and apply the more liberal construction, construing the triggering date as the latest of the administrative appeal rejections. Accordingly, the Court shall consider the statute of limitations to commence upon receipt of the November 24, 2008 letter stating that Petitioner's appeal was not properly filed. (State Ct. Pet., ex. N.) The limitations began running the next day, November 25, 2008. Under 28 U.S.C. § 2244(d)(1)(D), Petitioner had one year from that date, or until November 25, 2009, absent applicable tolling, within which to file his federal petition for writ of habeas corpus. As mentioned, Petitioner did not file his federal petition until July 13, 2010, more than six months after the limitations period had expired. Absent any applicable tolling, the petition is untimely.

### C. Tolling of the Limitation Period Pursuant to 28 U.S.C. § 2244(d)(2)

28 U.S.C. § 2244(d)(2) states that the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the one year limitation period. 28 U.S.C. § 2244(d)(2). In Carey v. Saffold, the Supreme Court held the statute of limitations is tolled where a petitioner is properly pursuing post-conviction relief, and the period is tolled during the intervals between one state court's disposition of a habeas petition and the filing of a habeas petition at the next level of the state court system. 536 U.S. 214, 216 (2002); see also Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999), *cert. denied,* 120 S.Ct. 1846 (2000). Nevertheless, state

petitions will only toll the one-year statute of limitations under § 2244(d)(2) if the state court explicitly states that the post-conviction petition was timely or was filed within a reasonable time under state law. Pace, 544 U.S. 408; Evans v. Chavis, 546 U.S. 189 (2006). Claims denied as untimely or determined by the federal courts to have been untimely in state court will not satisfy the requirements for statutory tolling. Id.

As stated above, the statute of limitations period began on November 25, 2008. Petitioner filed his first state habeas petition on February 22, 2009, with the Lassen County Superior Court. Respondent concedes that Petitioner is entitled to tolling with regard to this petition. However, 89 days of the limitation period passed before the application was filed. Based on such tolling, 276 days of the limitations period remained when the petition was denied on April 6, 2009.

Petitioner next filed a state habeas petition with the Third District Court of Appeal on July 13, 2009; it was denied on July 30, 2009. Here, Petitioner delayed 98 days from the denial of his first petition to the filing of his second petition. Such a delay is unreasonable, thereby making his second petition untimely. See Velasquez v. Kirkland, 639 F.3d 964 (9th Cir. 2011) (eighty and ninety-one day delays in filing are unreasonable under California law and prevent tolling of AEDPA's one year statute of limitations.). Petitioner is not entitled to tolling for the period between filing his first and second petitions.

98 days passed between the denial of Petitioner's first petition and the filing of his second petition. However, Petitioner is still entitled to tolling during the time in which the second petition was pending. A total of 178 days of the limitations period remained as of July 30, 2009, the date the second petition was denied.

Petitioner then filed a state habeas petition with the California Supreme Court on October 19, 2009; it was denied on January 13, 2010. Here, Petitioner delayed 81 days from the denial of his second petition to the filing of his third petition. Such a delay is unreasonable, thereby making his third petition untimely. See Velasquez, 639 F.3d 964. Petitioner is not entitled to tolling for the period between filing his second and third petitions.

81 days passed between the filing of Petitioner's second and third petitions. However, Petitioner is still entitled to tolling during the time in which the third petition was pending. Accordingly, 97 days of the limitations period remained as of January 13, 2010, the date the third petition was denied, and thus the statute of limitations expired on April 20, 2010. The instant petition was not filed until more than two months later, on July 13, 2010, and it therefore is untimely.

### D. Other Tolling Arguments

Petitioner, in his Response to the Motion to Dismiss, asserts that the statute of limitations should have been tolled for ninety days while he filed a petition for writ of certiorari with the United States Supreme Court. (Resp. at 25, ECF No. 24.) However, the Supreme Court, in Lawrence v. Florida, 127 S. Ct. 1079, 1086 (2007), held that filing a petition for writ of certiorari does not toll the limitations period. ("[T]he filing of a petition for certiorari before [the Supreme Court] does not toll the statute of limitations under § 2244(d)(2).") Petitioner is not entitled to tolling during such period, and his petition remains untimely.

### E. Equitable Tolling

The limitations period is subject to equitable tolling if the petitioner demonstrates: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005); see also Irwin v. Department of Veteran Affairs, 498 U.S. 89, 96 (1990); Calderon v. U.S. Dist. Ct. (Kelly), 163 F.3d 530, 541 (9th Cir. 1998), *citing* Alvarez-Machain v. United States, 107 F.3d 696, 701 (9th Cir. 1996), *cert denied*, 522 U.S. 814 (1997). Petitioner bears the burden of alleging facts that would give rise to tolling. Pace, 544 U.S. at 418; Hinton v. Pac. Enters., 5 F.3d 391, 395 (9th Cir.1993). Petitioner has not presented any evidence of or suggesting equitable tolling. Accordingly, Petitioner is not entitled to the benefit of equitable tolling and his petition remains untimely.

### F. Procedural Default and Exhaustion of State Remedies

Respondent also asserts that Petitioner's claims are procedurally defaulted and that Petitioner failed to exhaust his state remedies. As the Petition is untimely, the Court need not

and will not address the merits of such claims.

### III. MOTION TO STAY

On June 3, 2011, Petitioner filed a Motion to Stay this proceeding. (Mot. to Stay, ECF No. 27.) Petitioner then filed a Motion to Lift the Stay on June 27, 2011. (ECF No. 28.) The request to lift the stay was filed prior to this Court determining if a stay was proper. In an effort to effectuate the intent of Petitioner, the Court shall consider the Motion to Lift the Stay as a request to withdraw the Motion for Stay. Accordingly, the Court recommends the Motion for Stay be considered voluntarily withdrawn by Petitioner.

### IV. CONCLUSION

As explained above, Petitioner failed to file the instant petition for Habeas Corpus within the one year limitation period required by 28 U.S.C. § 2244(d). While Petitioner is entitled to the benefit of statutory tolling, the petition was still not timely filed. Finally, Petitioner is not excused from timely filing due to equitable tolling. Based on the foregoing, the Court recommends that Respondent's Motion to Dismiss be granted. The Court also recommends that Petitioner's Motion to Stay be withdrawn at the request of Petitioner.

### V. RECOMMENDATION

Accordingly, the Court HEREBY RECOMMENDS that the Motion to Dismiss be GRANTED and the habeas corpus petition be DISMISSED with prejudice for Petitioner's failure to comply with 28 U.S.C. § 2244(d)'s one year limitation period. The Court further RECOMMENDS that Petitioner's Motion to Stay be withdrawn.

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after the date of service of this Findings and Recommendation, any party may file written objections with the Court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  Replies to the Objections shall be served and filed within fourteen (14) days after service of the Objections.  The Finding and Recommendation will then be submitted

1  to the District Court for review of the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636
2  (b)(1)(c).  The parties are advised that failure to file objections within the specified time may
3  waive the right to appeal the Order of the District Court.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th
4  Cir. 1991).

6  IT IS SO ORDERED.

7  Dated:   June 30, 2011                    /s/ *Michael J. Seng*
                                              UNITED STATES MAGISTRATE JUDGE